# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

DANIEL COPRICH.

No. 15 C 5042
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Daniel Coprich was one of a large number of Defendants charged in a multi-count indictment of conspiracy and distribution of cocaine. There were over 30 defendants, and most pled guilty. Four of them, including Coprich, went to trial. Coprich was one of two felon-in-possession offenses along with three of the non-pleaders who appeared to be eligible for high penalties. Coprich was found guilty of the drug conspiracy count. The prosecution eventually dismissed the felon-in-possession count.

At sentencing, Coprich's attorney argued against a sentence of 20 years -- the mandatory minimum. I imposed a sentence of 240 months. He appealed and lost when the Court of Appeals found that any error in applying a mandatory minimum was harmless. The sentence is the same sentence that would have been imposed without the error. After losing the appeal, Coprich lost his argument for certiorari.

Coprich filed for § 2255 relief in light of trial counsel's errors i.e., failing to raise the terms of the Fair Sentencing Act (FSA), failing to negotiate a plea agreement, and failing to attack the constitutionality of 21 U.S.C. § 851. All of these claims of poor lawyering rest on the proposition that defense counsel performed below a standard of reasonableness and, for this reason, should have received a lesser sentence but for the lawyer's errors.

To fail to use the FSA to attack defense counsel doesn't work well for Coprich. When he was sentenced, the Seventh Circuit concluded that the FSA did not apply to Coprich because Coprich's crimes occurred before the FSA could be the source of a defense. It would not be unreasonable for trial counsel to conclude that the FSA does not help Coprich.

The Seventh Circuit concluded that Coprich would be properly sentenced to the 240 months. The decisions of defense counsel at sentencing were found reasonable on appeal. In the end, the core issue of claim that using the FSA would have made a difference is that the court on appeal held that the FSA would not have made a difference in the Coprich case. The imposed sentence was, in fact, a below-guideline sentence. The guideline sentence for Coprich was 360 months, and a 240-month sentence was well below the presumed reasonable imposition of 360 months. Coprich cannot win this claim on the facts here.

Coprich also anchors his challenge to the conduct of defense counsel at trial for the failure to negotiate a better deal. I assume that Coprich could have a better lawyer, but I don't think this is a valid assumption. Had a reasonable argument been offered, the benefits are not substantial. On the best terms, the agreed sentence is still higher than the 240 months. The possible advisory range for Coprich was 262-327 months. This is not below, could not be below, the 240-mandatory minimums. So would other possibilities not be below the 240 months.

Coprich might have gotten a lower sentence than 240 months; others had done so. But, Coprich was a high category offender, much higher than most in terms of dealing with narcotics compared to all other defendants. For what it is worth, I thought the 240 months was the very lowest sentence I would impose. There were times when I thought the 240-month sentence should have been higher. I stuck with the 240 months because I generally think it is not wise to make last-minute changes, particularly those which increase the sentence I had adopted

in my study of the case. In any event, the record shows that his attorney did discuss plea agreements with Coprich.

The final step that Coprich would like to take is to rely upon 21 U.S.C. § 851. Coprich says that the law is an unconstitutional delegation of authority to the executive branch. The argument is undeveloped and not useful to Coprich. In any event, the proposition that Section § 851 of 21 U.S.C. is unconstitutional has been rejected in well-reasoned opinions in other courts. *See United States v. Sanchez*, 517 F.3d 651, 670 (2d Cir. 2008), and *United States v. Gonzalez-Ramirez,* 561 F.3d 22, 30 (1st Cir. 2009).

In the end, it is clear that Coprich's arguments come too late, and I do not believe that his counsel failed to use good judgment, and he presented as good and reasonable a defense as was possible.

I note that Daniel Coprich says that he has improved his abilities and his good conduct in custody. He is likely to be far more successful in life if his incarceration serves to give him the skills to have a better life once he has served his time. What he seeks to do is to go back and redo his time at trial, but his trial was properly conducted. The time spent by him in this § 2255 motion did not help his cause. He made a decent effort and would do better to prepare for the time he is released from prison.

I deny Defendant's argument and his claims.

ENTER:

James B. Zagel
United States District Judge

DATE: May 17, 2016